## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WERNER ALVARO** )<br>**WIELER BECKERMANN** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**SERVE: Merrick Garland** )<br>**Attorney General of the United States** )<br>**Department of Justice** )<br>**950 Pennsylvania Avenue NW** )<br>**Washington, D.C. 20530** )<br>)<br>**SERVE: Karl Racine** )<br>**United States Attorney's Office** )<br>**for the District of Columbia** )<br>**400 6th Street NW** )<br>**Washington, D.C. 20001** )<br>)<br>**Serve: Federal Tort Claims Act Section** )<br>**Torts Branch, Civil Division** )<br>**U.S. Department of Justice** )<br>**1331 Pennsylvania Avenue NW, 800 North** )<br>**Washington, D.C. 20004** )<br>)<br>    **Defendant.** ) | **Case No.** |

## COMPLAINT

1.      This is an action by Plaintiff Werner Alvaro Wieler Beckermann against Defendant UNITED STATES OF AMERICA ("Defendant" or "United States") under the Federal Tort Claims Act, 28 U.S.C. § 2671 and 28 U.S.C. § 1346 (b)(l) for personal injuries and damages sustained by the Plaintiffs on December 15, 2018 2 as a result of United States' actions through United States' employees / representatives / entities, including but not limited to the United

1

States Secret Service.

2.      Plaintiff has fully complied with the provisions of 28 U.S.C. § 2674 of the Federal

Tort Claims Act.

3.      This action has been timely filed, because Plaintiff timely served notice of this

claim on the Department of Homeland Security less than two years after the accident that gives

rise to this litigation.

## PARTIES

4.      Plaintiff Werner Alvaro Wieller Beckermann ("Plaintiff") was a resident and

citizen of the State of Maryland at all times material to the issues in this case.

5.      The United States Secret Service is a subset of the Department of Homeland

Security which is a federal agency of the Defendant United States that operates motor vehicles

upon public roadways in performing its duties. At all times relevant to the allegations in this

Complaint, the Secret Service (including its directors, officers, operators, administrators,

employees, agents, and staff) was an agent of or acting on behalf of the United States. As such,

the United States is responsible for the negligent acts of its employees and agents under

*respondeat superior.*

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346(b)(l) and § 2671.

7.      The incident that forms the basis of this Complaint occurred in the District of

Columbia, and venue in the District of Columbia is proper as to all parties.

## FACTS

8.      On or around December 15, 2018, Plaintiff operated his motor vehicle traveling

southbound in the 2500 block of Connecticut Avenue N.W. in Washington, D.C.

9.     At the same time and place, Defendant, through the Secret Service, also operated a motor vehicle on the 2500 block of Connecticut Avenue N.W. in Washington, D.C.

10.     At that same time and place, Defendant, operating a U.S. Secret Service vehicle, failed to pay full time and attention and attempted to make a U-Turn and collided with Plaintiff.

11.     As a result of the collision, Plaintiff sustained personal injuries and damage to personal property.

## COUNT ONE - NEGLIGENCE

12.     Plaintiff re-allege, adopts, and incorporates herein by reference as a part of this Count all of the averments of the preceding paragraphs hereinabove as fully and completely as if the same were set forth verbatim herein.

13.     On information and belief, the aforesaid collision was the direct and proximate result of the negligence of the Secret Service by operating a motor vehicle in a careless and negligent manner; failing to correctly identify the passing of Plaintiff's vehicle; failing to maintain adequate control of the vehicle it was operating; failing to prevent a collision with Plaintiff's vehicle; failing to pay full time and attention; failing to keep a proper lookout; failing to stay within its lane; failing to obey all applicable traffic laws, signs, and signals; operating a motor vehicle so as to create a dangerous situation for motorists; operating a motor vehicle in a careless, reckless, and negligent manner.

14.     As a direct and proximate result of the Secret Service's negligence, Plaintiff has sustained multiple personal injuries.

15.     As a direct and proximate result of the Secret Service's negligence, Plaintiff has

sustained damage to her property, including incidental damages and loss of use damages.

16.     As a direct and proximate result of the collision, the conduct and the negligence and carelessness of the Secret Service, Plaintiff has undergone and, in the future, will undergo severe physical pain, mental anguish, discomfort, inconvenience, distress, embarrassment and humiliation.

17.     As a direct and proximate result of the aforesaid collision, conduct and the negligence and carelessness of the Secret Service, Plaintiff has and will into the future incur expenses for medical treatment, medical assistance, surgery, and rehabilitation.

18.     As a direct and proximate result of the aforesaid collision, negligence and carelessness of the Secret Service, Plaintiff will into the future incur a loss of wages, a loss of earning capacity, a loss of household services and other economic damages for which damages are claimed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant THE UNITED STATES OF AMERICA for compensatory damages in the amount of FIFTY THOUSAND (50,000.00) together with the award for interest, costs, and any such relief that this Court may deem proper.

**WERNER ALVARO**
**WIELER BECKERMANN**
By Counsel


        /s/ Harry S. Max
Harry Max (#1021553)
Lawfty Law, LLP
1701 Rhode Island Ave. NW
Washington, DC 20036

Tel. No.  (202) 536-4924
Fax No.  (202) 688-2695
Harry@Lawftylaw.com
*Attorney for Plaintiff*